# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

IN RE: AVA ELECTRIS CANNIE

    Debtor.

Bankruptcy Case No. 3:24-bk-3364-BAJ

_____

AVA ELECTRIS CANNIE,

    Appellant,

v.

Case No. 3:25-cv-152-MMH

DOUGLAS W. NEWAY,

    Appellee.

_____

# **O R D E R**

THIS CAUSE is before the Court on two matters. First, the Court directed Appellant, Ava Electris Cannie, to ensure that a necessary transcript was properly filed on the docket. See Endorsed Order (Doc. 20; Transcript Order), entered May 27, 2025. For the reasons explained below, this was not done, and the Court will give Cannie one final opportunity to ensure that the transcript is filed properly. Second, Cannie has filed three motions for a stay. See Motion for Order Imposing the Automatic Stay for Good Cause in Bankruptcy Case 3:24-bk-3364 (Doc. 22; First Motion); "Time Sensitive" Amended Motion for Order Imposing the Automatic Stay per BK Appeal Rule 8007 for Good Cause on

Bankruptcy Case 3:24-bk-3364 (Doc. 25; Second Motion); "Emergency Motion for June 23, 2025" Stay During Appeal for Good Cause, So I am Not Homeless, on Bankruptcy Case 3:24-bk-3364 (Doc. 28; Third Motion), filed June 22, 2025. Upon review of the Motions, the Court finds that responses to the Motions are unnecessary. Accordingly, this matter is ripe for review.

## I. Transcript

On May 21, 2025, Cannie filed a motion seeking an extension of time to file a transcript from the bankruptcy proceedings. See "Time Sensitive" Motion for Extension of Time to File Pages from the Jan 9, 2025 Motion to Dismiss Hearing Transcript (Doc. 19). The Court granted the Motion. See Transcript Order. On June 2, 2025, Cannie filed a document in response to the Transcript Order. See Transcript of January 9, 2025 Preliminary Hearing on Motion to Dismiss Case (Doc. 21; Transcript Filing).

As a preliminary matter, Cannie's Transcript Filing is improper because it includes argument related to what occurred at the hearing. See Transcript Filing at 2–32 (the Table of Contents and Cannie's annotations to the transcript). The record on appeal should consist of only those matters that were presented at the Bankruptcy Court, and Cannie's arguments should be confined to the briefs submitted to this Court. As such, the Transcript Filing is due to be stricken. However, because the Court cannot review the Bankruptcy Court's

factual findings or application of the law without a transcript of the hearing in which the Bankruptcy Judge made the findings, and considering Cannie's <u>pro se</u> status as well as the interests of justice, the Court will exercise its authority under Rule 8028, Federal Rules of Bankruptcy Procedure (Bankruptcy Rule(s)) to suspend the timing requirement of Bankruptcy Rule 8009 (providing procedures for the filing of transcripts) and provide Cannie **one final opportunity** to obtain and file the necessary transcript. <u>See</u> Fed. R. Bankr. P. 8028 ("To expedite a decision or for other cause, a district court … may, in a particular case, suspend the requirements of these Part VIII rules, except [certain Bankruptcy Rules not including 8009]."). Failure to ensure that the transcript is properly filed will likely result in the **dismissal of this action without further notice**. <u>See</u> Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the district court … to act as it considers appropriate, including dismissing the appeal.").

To properly file a transcript on the docket, Cannie must purchase the required transcript from the Court reporter and then file in the Bankruptcy Court an amended designation of the record on appeal that includes the purchase order for the transcript and specifies that a supplemental appellate record is being requested. <u>See</u> Fed. R. Bankr. P. 8009(b)(1) (to include a

transcript in a record on appeal, an appellant must "order in writing from the reporter, as defined in [Bankruptcy] Rule 8010(a)(1), a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk[.]"); see also Rule 8009-1, Local Rules of the United States Bankruptcy Court for the Middle District of Florida (requiring that any request for a transcript shall be accompanied by the transcript order form provided on the Bankruptcy Court's website). This allows the Bankruptcy Court to provide this Court with a supplemental record on appeal. Cannie shall follow the proper procedure to include the transcript on the record on or before **July 9, 2025**.

**II.    Motion for Stay**

The Second Motion is described as an amendment to the First Motion, so the First Motion is due to be denied as moot. The Third Motion appears to raise new issues, and in the interests of justice, the Court will consider the arguments Cannie raises in the Second and Third Motions. Upon review, the Court finds that both Motions are due to be denied for failure to comply with Bankruptcy Rule 8007.

In this appeal, Cannie seeks review of the Bankruptcy Court's dismissal of her bankruptcy case. See Notice of Appeal and Statement of Election (Doc. 1). In the Second and Third Motions, Cannie moves for a stay of the Bankruptcy

- 4 -

Court's dismissal under Bankruptcy Rule 8007, which permits parties to move for "a stay of the bankruptcy court's judgment, order, or decree pending appeal[.]" Fed. R. Bankr. P. 8007(a). Notably, Bankruptcy Rule 8007(a) provides that "[o]rdinarily, a party must move first in the bankruptcy court" for a stay pending appeal. Id. However, a party may move for a stay in the district court without first moving for a stay in the bankruptcy court if the party shows "that moving first in the bankruptcy court would be impracticable." Fed. R. Bankr. P. 8007(b).

Here, Cannie states that she did not first move for a stay in the Bankruptcy Court. See Second Motion at 2. To explain why, she contends:

> Judge Burgess denies all my requests and avoids rulings for me when he can. Exhibit A Judge Burgess Denied ruling on Claim 3 previously Claim 6 in the 2022 case 3:22-bk-01880. In the 2024 case herein 3:24-bk-3364 he stated in open court Jan 9, 2025, page 38 transcript that the state court would be better at ruling on this claim 3. Exhibit B .Judge Burgess did not want to rule in the 2022 case on claim 3 (known as Claim 6 for Pretium Acquisition) nor in the 2024 case on Claim 3 now call RCF2 Acquisition. He dismissed my case without hearing my proof, and said appeal the dismissal. Exhibit C. My 3 claims are contested which he does not like. He prefers things to be simple, not complicated. So, he dismissed my case. So, asking him for adjudication on a STAY during Appeal is impracticable, though he is a nice Judge, I am just too complicated.

Id. In effect, Cannie tries to justify her failure to move first in the Bankruptcy Court by stating that the Bankruptcy Court has made multiple unfavorable rulings in her bankruptcy cases. She also makes the conclusory assertion that

- 5 -

the issues are too complicated for the Bankruptcy Court to address. In her Third Motion, Cannie adds that she requires urgent action because a summary judgment hearing in her state foreclosure case is scheduled for June 26, 2025. See Third Motion at 3. She contends that the state court judge "will ignore" her arguments "and rule against [her]." Id.

Cannie's explanations do not justify failing to first move for a stay in the Bankruptcy Court. Under similar circumstances, the Eleventh Circuit observed that "[i]t is … unclear how the bankruptcy court's failure to discuss [certain] arguments made it impracticable for [the debtor] to ask the bankruptcy court, rather than the district court, for a stay pending appeal[.]" In re White-Lett, No. 23-10732, 2024 WL 578122, at *3 (11th Cir. Feb. 13, 2024); see also Richert v. Murphy, No. BR 23-20779-Civ-Scola, 2023 WL 2770915, at *2 (S.D. Fla. Apr. 4, 2023) ("[A] party's failure to submit a motion to stay to a bankruptcy court in the first instance because of prior adverse rulings is not a sufficient showing of impracticability." (citation omitted)).[1] Moreover, Cannie "makes no showing

---

[1] In citing to White-Lett, the Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

In citing to Richert, the Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

that 'a bankruptcy judge was unavailable, or that, to be effective, relief must be immediate.'" See Richert, 2023 WL 2770915, at *2 (quoting Bank of Am., N.A. v. Arregoces, No. 17-CV-60786-BB, 2017 WL 7788356, at *2 (S.D. Fla. June 16, 2017).[2] As such, Cannie's Motions for a Stay are due to be denied without prejudice to her moving first in the Bankruptcy Court.

Accordingly, it is

**ORDERED:**

1. Ava Electris Cannie's Transcript of January 9, 2025 Preliminary Hearing on Motion to Dismiss Case (Doc. 21) is **STRICKEN**.

2. On or before **July 9, 2025**, Cannie shall follow the proper procedures to ensure the transcript is filed as part of a supplemental appellate record.

---

[2] The fact that a summary judgment hearing is now only days away does not justify bypassing the Bankruptcy Court and moving first for a stay in this Court. First, Cannie has not shown that the Bankruptcy Court would have been unable to make an expedited ruling on a motion to stay before the state summary judgment hearing. Second, the conclusion of the foreclosure proceedings is still in the indefinite future and Cannie has not demonstrated that the fact a hearing is taking place means that for a stay "to be effective, it must be immediate." See Third Motion at 4 (the opposing party in the foreclosure case "is trying to sell [Cannie's] house at a[u]ction"); Richert, 2023 WL 2770915, at *2.

- 7 -

3. Cannie's Motions to Stay (Docs. 22, 25, and 28) are **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 25th day of June, 2025.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc33
Copies to:
Pro se party
Counsel of record