**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE: AVA ELECTRIS CANNIE

Debtor.                                    Bankruptcy Case No. 3:24-bk-3364-BAJ

---

AVA ELECTRIS CANNIE,

      Appellant,

v.                                          Case No. 3:25-cv-152-MMH

DOUGLAS W. NEWAY,

      Appellee.

---

**O R D E R**

    **THIS CAUSE** is before the Court on appeal from the United States Bankruptcy Court for the Middle District of Florida. Appellant Ava Electris Cannie, proceeding pro se, timely appeals the United States Bankruptcy Court's Order Granting Trustee's Motion to Dismiss and Dismissing Chapter 13 Case with Prejudice (Doc. 1-1; Bankruptcy Order), entered January 13, 2025. On April 17, 2025, Cannie filed her Initial Brief (Doc. 12; Initial Brief). Chapter 13 Standing Trustee, Douglas W. Neway (the Trustee), filed the Answer Brief of Appellee (Doc. 16; Answer Brief) on May 7, 2025. And, on May 21, 2025, Cannie

filed her Reply & Objection Brief (Doc. 18; Reply Brief). Accordingly, this appeal is ripe for review.

### I. Background

Ava Electris Cannie has filed eight bankruptcy cases. See Hearing (Doc. 30-1; Hearing Transcript) at 50; Doc. 7-5 (Bankruptcy Court Docket) at 11. As relevant here, Cannie filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida on September 15, 2022. See Voluntary Petition for Individuals Filing for Bankruptcy (Doc. 6-7; 2022 Bankruptcy Petition) at 3, 9. After the Bankruptcy Court denied confirmation of Cannie's Chapter 13 plan, see Order Denying Confirmation of Debtor's Chapter 13 Plan and Dismissing Case (Doc. 7-90; Confirmation Denial Order), entered November 22, 2023, at 1–2, the court allowed Cannie to convert her case into one under Chapter 7, see Order Converting Case from Chapter 13 to Chapter 7 and Setting Deadlines (Doc. 7-92; Conversion Order), entered November 22, 2023, at 1. On March 5, 2024, Cannie received a Chapter 7 discharge. See Order of Discharge (Doc. 7-178; Discharge Order) at 1. And, on September 6, 2024, the Bankruptcy Court discharged the Trustee and closed the estate. See generally Order Approving Account, Discharging Trustee, Canceling Bond, and Closing Estate (Doc. 7-221; Trustee Discharge Order).

Two months later, on November 4, 2024, Cannie filed another bankruptcy petition in the Bankruptcy Court again under Chapter 13. See Voluntary Petition for Individuals Filing for Bankruptcy (Doc. 7-226; 2024 Bankruptcy Petition) at 3, 9. After reviewing the record, on November 8, 2024, the Bankruptcy Court declined to grant Cannie a Chapter 13 discharge because she had obtained a discharge based on the 2022 Bankruptcy Petition, which she filed on September 15, 2022. See generally Order Withholding Entry of Discharge (Doc. 7-237; Discharge Denial Order) (explaining that 11 U.S.C. § 1328(f)(1) "prohibits the entry of a discharge in a Chapter 13 case filed within four years of the date of filing of a prior Chapter 7, 11 or 12 case in which the debtor received a discharge"); see Discharge Order at 1. On December 13, 2024, Cannie filed a Second Amended Chapter 13 plan. See Second Amended Chapter 13 Plan (Doc. 7-273; Plan) at 1. The Trustee then moved to dismiss Cannie's case. See Trustee's Motion to Dismiss for Bad Faith Filing; Request for Bar as to Future Filings and Notice of Preliminary Hearing (Doc. 7-276; Motion), filed December 16, 2024, at 1, 5. On January 9, 2025, the Bankruptcy Court held a hearing on the Motion (the Hearing), which Cannie and others attended in person. See Hearing Transcript at 1, 4. At the conclusion of the Hearing, the Bankruptcy Court dismissed the case with prejudice after finding that Cannie failed to file a confirmable plan under Chapter 13, and that she filed the case and her Plan in bad faith. Id. at 54–55. Additionally, having also found that

Cannie had a history of initiating bankruptcy actions in multiple jurisdictions to relitigate the same issues with no legitimate purpose to be vexatious, the Bankruptcy Court barred Cannie from filing for bankruptcy in any bankruptcy court for two years. Id. at 49–50, 52–54; Bankruptcy Order at 2. On January 28, 2025, Cannie appealed the Bankruptcy Court's decision to this Court. See Notice of Appeal and Statement of Election (Doc. 1; Notice of Appeal) at 2.

## II.   Jurisdiction, Standard of Review, and Issues on Appeal

This Court has jurisdiction to hear an appeal from a final judgment entered by the Bankruptcy Court. See 28 U.S.C. § 158(a)(1). In functioning as an appellate court, the Court reviews de novo the legal conclusions of a bankruptcy court "but must accept the bankruptcy court's factual findings unless they are clearly erroneous." See Rush v. JLJ Inc. (In re JLJ Inc.), 988 F.2d 1112, 1116 (11th Cir. 1993). And the Court reviews a bankruptcy court's decision to impose sanctions for an abuse of discretion. Gowdy v. Ocean Warrior, Inc. (In re Ocean Warrior, Inc.), 835 F.3d 1310, 1315 (11th Cir. 2016).

On appeal, Cannie appears to raise the following issues: (1) whether the Bankruptcy Court lacks jurisdiction to bar her from filing for bankruptcy in any bankruptcy court for two years, see Initial Brief at 9, 11, 25, 28, 41, 43; Reply Brief at 7, 23; (2) whether the Bankruptcy Court deprived her of due process, see Initial Brief at 9–11, 13, 23, 26, 29, 39–40, 43, 45, 47, 51; Reply Brief at 7–8, 24, 36–38; (3) whether the Bankruptcy Judge was hostile to and prejudiced

against her, see Initial Brief at 9, 18, 26, 28, 42–43, 45–47, 50; Reply Brief at 11, 17–18; and (4) whether the Bankruptcy Court should have granted Cannie a Chapter 13 discharge, see Initial Brief at 8–9, 13, 16, 20–21, 24–25, 40–41, 52; Reply Brief at 8, 11, 14–15, 19, 22, 28–29, 33, 35, 38.[1] The imposition of a bar to filing bankruptcy petitions is a sanction reviewed for abuse of discretion. See Dekom v. Nationstar Mortg. LLC, No. 3:20-cv-5399-MCR-MJF, 2021 WL 1061177, at *3 (N.D. Fla. Mar. 20, 2021) (citing In re Ocean Warrior, Inc., 835 F.3d at 1315).[2] And a decision regarding whether a party received due process or was entitled to discharge are determinations of law which are reviewed de novo. Jackson v. Le Ctr. on Fourth, LLC (In re Le Ctr. on Fourth, LLC), 17 F.4th 1326, 1333 (11th Cir. 2021) (due process); ECMC v. Acosta-Conniff (In re

---

[1] The Court notes that Federal Rule of Bankruptcy Procedure (Bankruptcy Rule(s)) 8009 requires appellants to "file with the bankruptcy clerk a . . . statement of the issues to be presented[.]" Fed. R. Bankr. P. 8009(a)(1)(A). Issues that do not appear in, or are not inferable from, the statement of the issues are "deemed waived and will not be considered on appeal." Snap-On Tools, Inc. v. Freeman (In re Freeman), 956 F.2d 252, 255 (11th Cir. 1992); see also Powers v. Chadwell Homes of Ala., LLC (In re Powers), 860 F. App'x 159, 161 n.5 (11th Cir. 2021) (finding arguments that the bankruptcy court was biased and committed fraud by not recusing were not properly raised because appellants did not identify the failure to recuse in their statements of issues on appeal pursuant to Bankruptcy Rule 8009(a)(1)(A)). Here, Cannie failed to comply with Bankruptcy Rule 8009 because she did not file a statement of the issues with the Bankruptcy Court. See generally Docs. 1–1-5. However, because Cannie is a pro se litigant, the Court has liberally construed her other submissions, see Powers v. Chadwell Homes of Ala., LLC, No. 1:18-cv-01452-MHH, 2019 WL 8888161, at *6 (N.D. Ala. Sept. 16, 2019), and determined that she preserved the above issues by mentioning them in the Notice of Appeal and Statement of the Case, see Notice of Appeal at 3; Statement of the Case (Doc. 1-3; Statement of the Case) at 1–2. The Court will not consider any additional issues Cannie raises in her briefs because she did not preserve them.

[2] The Court notes that, although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

Acosta-Conniff), 686 F. App'x 647, 649 (11th Cir. 2017) (per curiam) (discharge).[3]

### III.   Discussion

As a preliminary matter, the Court notes that Cannie fails to provide citations to the record to support the arguments she advances in her Initial and Reply Briefs. See generally Initial Brief; Reply Brief. And she only cites a handful of legal authorities, most of which are state court cases and none of which are pertinent. See generally Initial Brief; Reply Brief. On this basis alone, the Court could affirm without addressing the merits because passing references to purported bankruptcy court errors, made without citation to legal authority or the underlying record, are insufficient to raise the issues on appeal. See Garcia v. Bank of Am., N.A. (In re Garcia), 725 F. App'x 911, 913 (11th Cir. 2018) ("A party fails to adequately 'brief' an issue—and thus abandons it—when the party 'does not plainly and prominently raise it,' 'makes only passing references to it,' or 'raises it in a perfunctory manner without supporting arguments and authority.'" (quoting Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014))); Freeze v. Sec'y, Dep't of Child. & Fams., 825 F. App'x 606, 609 (11th Cir. 2020) ("These conclusory statements, which are

---

[3] As the Court notes in Part III, the legal basis for Cannie's assertions about the bankruptcy judge's hostility and prejudice is unclear. See generally Initial Brief; Reply Brief. Therefore, the Court cannot discern the appropriate standard of review for this issue.

unsupported by any coherent argument, are insufficient to raise an issue for appeal."); see also Fed. R. Bankr. P. 8014(a)(8).

Even if Cannie had properly supported her arguments, the Bankruptcy Order would still be due to be affirmed because her contentions are without merit. First, Cannie contends that the Bankruptcy Court lacked jurisdiction to bar her from filing a bankruptcy petition in any bankruptcy court for two years. See Initial Brief at 9, 11, 25, 28, 41, 43; Reply Brief at 7, 23. Typically, a debtor whose case is dismissed due to a willful failure to abide by court orders cannot refile for bankruptcy for 180 days. 11 U.S.C. § 109(g)(1). However, 11 U.S.C. § 349 allows a court to deviate from the 180-day cap in § 109 "for cause[.]" 11 U.S.C. § 349(a). And bankruptcy courts have determined that there is cause to extend the filing bar when a debtor "abus[es] the protections of the Bankruptcy Code." In re Smith, 536 B.R. 478, 482 (Bankr. M.D. Ala. 2015) (collecting cases); In re Selinsky, 365 B.R. 260, 265 (Bankr. S.D. Fla. 2007) (collecting cases). Indeed, to stop the abuse, bankruptcy courts have barred debtors from filing bankruptcy petitions anywhere in the United States, not just in their district. See, e.g., Dekom, 2021 WL 1061177, at *3 ("The Bankruptcy Court did not abuse its discretion when it dismissed Dekom's case with prejudice and imposed a one-year injunction against refiling [in any court in the United States and] under any chapter of the Bankruptcy Code pursuant to Rule 9011, 11 U.S.C. §§ 105, 349, and its inherent authority."); In re Brown, 319 B.R. 691, 694 (Bankr. M.D.

Ala. 2005) ("Because this case has involved a flagrant abuse of the bankruptcy process, the Debtors are enjoined from filing a bankruptcy petition anywhere in the United States for a period of two years from the date of this order."); In re Jones, 289 B.R. 436, 442 (Bankr. M.D. Ala. 2003) ("Because of the Debtor's pattern of conduct, repeated instances of bad faith and lack of meaningful participation in the prosecution of any of her five cases, . . . the Debtor is enjoined from filing a bankruptcy petition anywhere in the United States for a period of five years[.]").

Upon review of the record, the Court concludes that the Bankruptcy Court did not abuse its discretion in imposing a two-year filing bar on Cannie that extended to all bankruptcy courts in the country because she abused, and has a history of abusing, the bankruptcy process. At the Hearing, the Bankruptcy Court found that Cannie had not satisfied any of the preconditions as outlined in 11 U.S.C. § 1325 for confirmation of her Plan. Hearing Transcript at 48–49. Further, it determined that Cannie was unlikely to ever file a confirmable plan due to her low income and consistent failure to make "realistic plan payment[s]" since 2015. Id. at 51. Additionally, it noted that, in each of her seven prior bankruptcy actions, Cannie "filed the same motions and [raised] the same issues over and over again" for "no legitimate purpose other than to delay and frustrate [her] creditors." Id. at 50; see Bankruptcy Court Docket at 11. Indeed, the Bankruptcy Court observed that it could discern no legitimate purpose

"other than being vexatious." Id. at 52. These findings are fully supported by the record. See generally Transmittal of Record to District Court (Doc. 6); Transmittal of Record to District Court (Doc. 7). While Cannie disagrees with the findings, she fails to present any argument suggesting that they are inaccurate. See generally Initial Brief; Reply Brief. In light of these findings, the Bankruptcy Court had ample cause to impose the two-year bar on filing bankruptcy petitions and certainly did not abuse its discretion in doing so.

Second, Cannie asserts that the Bankruptcy Court violated her Fifth and Fourteenth Amendment[4] due process rights by failing to provide her notice of the nature and content of the Hearing and dismissing the case "without hearing [her] evidence[.]"[5] Initial Brief at 9–11, 13, 23, 26, 29, 39–40, 43, 45, 47, 51; Reply Brief at 7–8, 24, 36–38.[6] "[T]he central meaning of procedural due

---

[4] The Court notes that "[t]he Fourteenth Amendment's Due Process Clause prohibits a state or its officials from 'depriv[ing] any person of life, liberty, or property, without due process of law.'" Littlejohn v. Sch. Bd., 132 F.4th 1232, 1239 (11th Cir. 2025) (alteration in original) (emphasis added) (quoting U.S. CONST. amend. XIV § 1). Because the Bankruptcy Court is not a state or state actor, the Fourteenth Amendment does not apply to it. Therefore, Cannie may only bring a due process challenge under the Fifth Amendment.

[5] Cannie also maintains that the Bankruptcy Court denied her due process by failing to give her a witness list in advance of the Hearing. See Initial Brief at 16–17, 38–39, 42–43. It is unclear why Cannie makes this argument, given that no witnesses testified at the Hearing. See generally Hearing Transcript. Indeed, the only individuals that spoke were the bankruptcy judge, Cannie, counsel for Cannie's creditors, and counsel for the Trustee. See generally id. Thus, this argument is unavailing. To the extent that she contends she was not able to call her own expert witness, Cannie fails to show that the witness's purported testimony would have been allowed or that it related in any way to the issues decided by the Bankruptcy Court at the Hearing.

[6] Cannie also argues that counsel for the Trustee, John Freeman, deprived her of due process by "deliberately try[ing]" to dismiss the case due to being overworked. See Initial Brief at 9–14, 18–19, 37–40, 42–44, 46–47, 51; Reply Brief at 23–25, 27–28, 32–35. The Court notes that the Fifth Amendment "appl[ies] to and restrict[s] only the Federal Government and not

process" is well established: "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." See Fuentes v. Shevin, 407 U.S. 67, 80 (1972); see also Jordan v. Benefits Rev. Bd. of U.S. Dep't of Lab., 876 F.2d 1455, 1459 (11th Cir. 1989) ("Minimum due process requires that before an individual may be deprived of property he be given notice and an opportunity for a hearing."); McSmith v. Bank of Am., N.A. (In re McSmith), 671 F. App'x 775, 776 (11th Cir. 2016). Here, Cannie received notice when the Bankruptcy Court—through the Trustee—notified her—in a notice at the end of the Motion—that the Bankruptcy Court would hold a hearing to address the Motion on January 9, 2025, at 10:00 AM. See Motion at 4–5. And Cannie attended that hearing. See generally Hearing Transcript. Notably, not only did the Bankruptcy Court give Cannie an opportunity to be heard at the Hearing, Cannie addressed the Bankruptcy Court at length. Id. at 23–55. Cannie expressed her view that the Motion should be denied as premature, id. at 24, 28, her contentions regarding the invalidity of the creditor claims, and the reasons for her myriad lawsuits, id. at 24–32. On this record, Cannie's contention that the Bankruptcy Court denied her due process is completely lacking in merit.

---

private persons." Pub. Utils. Comm'n v. Pollak, 343 U.S. 451, 461 (1952). Because Freeman is a private individual, and not a government actor, the Fifth Amendment does not apply to him. See id. Therefore, the Court will only evaluate whether the Bankruptcy Court deprived Cannie of due process.

Third, Cannie appears to argue that the dismissal of her case should be reversed because the Bankruptcy Judge has been hostile to, and prejudiced against, her ever since she appealed a previous decision of his. See Initial Brief at 9, 18, 26, 28, 42–43, 45–47, 50; Reply Brief at 11, 17–18.[7] The Supreme Court has explained that "judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Christo v. Padgett, 223 F.3d 1324, 1334 (11th Cir. 2000) (omission in original) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Such remarks may support a bias or partiality challenge "if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Id. Here, Cannie does not identify any statement by the Bankruptcy Judge that she believes exhibits hostility toward her. See generally Initial Brief. Nor does she explain why the Bankruptcy Judge's purported hostility warrants reversal of the Bankruptcy Court's decision. See generally id. Regardless, the Court concludes that none of the Bankruptcy Judge's comments at the Hearing stemmed from an extrajudicial source or evinced any degree of

---

[7] Additionally, Cannie maintains that the Deputy-in-Charge, Seth Bowe, has been hostile, controlling, rude, disrespectful, and unprofessional to her. Initial Brief at 14, 17–19, 28, 40, 45, 47; Reply Brief 27, 34. It is unclear why Cannie believes that Bowe's actions warrant reversal of the Bankruptcy Order. See generally Initial Brief. Because "district courts cannot concoct or resurrect arguments neither made nor advanced by the parties[,]" the Court will disregard these assertions. Fils v. City of Aventura, 647 F.3d 1272, 1284 (11th Cir. 2011).

antagonism toward Cannie or favoritism toward the Trustee. See Christo, 223 F.3d at 1334; see generally Hearing Transcript. Therefore, Cannie's attempt to challenge the Bankruptcy Court's Order based on the Bankruptcy Judge's purported impartiality fails.

Finally, as best the Court can discern, Cannie seems to contend that the Bankruptcy Court erred in declining to grant her a Chapter 13 discharge. See Initial Brief at 8–9, 13, 16, 20–21, 24–25, 40–41, 52; Reply Brief at 8, 11, 14–15, 19, 22, 28–29, 33, 35, 38. Chapter 13 states that a bankruptcy "court shall not grant a discharge of all debts provided for in the plan . . . if the debtor has received a discharge . . . in a case filed under chapter 7 . . . during the 4-year period preceding the date of the order for relief[.]" 11 U.S.C. § 1328(f)(1).[8] "The 'four-year embargo begins on the date of filing, not the date of discharge.'" In re Colbourne, 458 B.R. 598, 600 (Bankr. M.D. Fla. 2010) (quoting Carroll v. Sanders (In re Sanders), 551 F.3d 397, 400 (6th Cir. 2008)). Cannie filed the 2022 Bankruptcy Petition on September 15, 2022, see 2022 Bankruptcy Petition at 9, meaning that the four-year window does not close until September 15, 2026.[9] Because this action began and ended before September 26, 2026, see

---

[8] Where a bankruptcy petition is filed under Chapter 13 but the case is converted to a case under Chapter 7, the case is treated as having been "filed under Chapter 7 on the same date the Chapter 13 petition was filed." In re Knighton, 355 B.R. 922, 926 (Bankr. M.D. Ga. 2006)

[9] Despite her assertions to the contrary, Cannie acknowledges at one point in the Initial Brief that she cannot receive a discharge until September 15, 2026. See Initial Brief at 41 ("The standard waiting period after discharge is 4 years from the date of your previous

2024 Bankruptcy Petition at 9; Bankruptcy Order at 1, § 1328 precluded Cannie from receiving a discharge.[10] Accordingly, the Bankruptcy Court did not err, and the Bankruptcy Order is due to be affirmed.

## IV.   Conclusion

Having reviewed the record and the parties' arguments, the Court finds that the Bankruptcy Order is due to be affirmed. The Bankruptcy Court did not abuse its discretion in imposing a two-year bar on filing bankruptcy petitions in any bankruptcy court in the United States. And, as a matter of law, the Court concludes that the Bankruptcy Court did not deny Cannie due process, the Bankruptcy Judge was not hostile to Cannie or partial to the Trustee, and § 1328 barred Cannie from receiving a Chapter 13 discharge.

Accordingly, it is

**ORDERED**:

1. The Order Granting Trustee's Motion to Dismiss and Dismissing Chapter 13 Case with Prejudice (Doc. 1-1) is **AFFIRMED**.

---

filing of petition (Sept. 15, 2022) before you can file again if you want another discharge. After Sept 15, 2026, I can refile a chapter 13 for a full discharge. If you file before 4 years has passed and just want a payment plan like chapter 20 which is what I had, that is allowed, but you cannot get a discharge, unless the court approves, for good cause."). The Court questions why Cannie knowingly advances an argument that is contrary to the law.

[10] In the Reply Brief, Cannie claims that she is entitled to a discharge because she filed this case under Chapter 20 of the Bankruptcy Code, and, unlike Chapter 13, there is no waiting period between discharges. See, e.g., Reply Brief at 8, 22, 26. However, the record shows that Cannie brought this action under Chapter 13, not Chapter 20. See 2024 Bankruptcy Petition at 1. Therefore, this argument is baseless.

2. All pending motions are **DENIED as moot**.

3. The Clerk of Court is directed to enter judgment, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
Copies to:
Pro Se Party
Counsel of Record

- 14 -